**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-30

UNITED STATES TAX COURT

ANTHONY DONYEN GRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22455-11S.                          Filed April 16, 2013.

Anthony Donyen Gray, pro se.

<u>Marissa R. Lenius</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,945 in petitioner's Federal income tax for 2008 and imposed a section 6662(a) accuracy-related penalty of $989. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a).

The issues remaining for decision are whether petitioner is:  (1) entitled to a dependency exemption deduction for A.D.J.;[2] (2) entitled to head of household filing status; (3) entitled to a child tax credit; and (4) liable for an accuracy-related penalty under section 6662(a).[3]

---

[1]All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2]It is the Court's policy to refer to minors only by their initials.  See Rule 27(a)(3).

[3]Petitioner concedes that he is not entitled to a deduction of $32,364 for miscellaneous expenses reported on Schedule A, Itemized Deductions.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Maryland when the petition was filed.

Petitioner is an accountant, and he was not married during the taxable year 2008.

### I. A.D.J.

A.D.J. was born in 2007. Petitioner and Yvonne JaJa, A.D.J.'s parents, were never married.

### II. Petitioner's Obligation To Support A.D.J.

On December 19, 2008, a support magistrate for the Family Court of the State of New York (family court) entered an order of support directing petitioner to make biweekly child support payments of $242 to Ms. JaJa for the benefit of A.D.J. The support payments equaled 95% of A.D.J.'s basic child support needs. The support magistrate's order of support and findings of fact identify Ms. JaJa as A.D.J.'s custodial parent. The support magistrate did not address whether petitioner or Ms. JaJa would claim A.D.J. as a dependent for tax purposes.

III.  Petitioner's Tax Return for 2008

On April 15, 2009, petitioner timely filed his Federal income tax return for 2008 designating "single" filing status.  Petitioner attached Schedule A to his return and claimed, inter alia, a deduction for miscellaneous expenses of $33,350.

The Internal Revenue Service (IRS) selected petitioner's 2008 return for examination.  During the course of the examination petitioner submitted to the IRS an amended tax return for 2008 claiming a dependency exemption deduction for A.D.J., "head of household" filing status, and a child tax credit.  Petitioner did not attach a Form 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, or its equivalent, to either his original or amended tax return for 2008.  The IRS did not file or otherwise process petitioner's amended return.

IV.  Notice of Deficiency

The deficiency in this case is attributable to respondent's disallowance of $32,364 of the $33,350 deduction petitioner claimed for miscellaneous expenses on Schedule A.  As previously indicated, petitioner concedes that adjustment.  Respondent also determined that petitioner is liable for an accuracy-related penalty.

V.  Petition for Redetermination

Petitioner alleged in relevant part that respondent failed to consider documentation that he submitted to show that A.D.J. was his dependent during the year in issue and that he is entitled to head of household filing status.

VI.  Trial

This case was called for trial in Baltimore, Maryland, on November 1, 2012. Petitioner appeared and testified that, contrary to the family court's order of support, A.D.J. did not continue to reside with Ms. JaJa.  Rather, A.D.J. resided with him during the period April through September 2008, when petitioner purportedly sent A.D.J. to live with his sister in Sacramento, California.  Petitioner offered evidence that sometime in 2010 the family court suspended its order directing him to make child support payments to Ms. JaJa.  Respondent offered evidence that Ms. JaJa claimed A.D.J. as a dependent for the taxable year 2008.

Petitioner did not call any witnesses or offer any documentation at trial in support of his claim that A.D.J. lived with him for more than one-half of 2008. Petitioner informed the Court, however, that if he were given additional time, he could produce a witness and documents to prove his case.  Giving petitioner the benefit of the doubt, the Court treated the proceedings in Baltimore as a partial trial and, with the parties' consent, set the case for further trial in Washington, D.C.

Shortly before the scheduled trial date petitioner informed the Court that he was unable to procure a witness or additional documentation in support of his claim that A.D.J. resided with him during 2008. As a result, the Court closed the record and proceeded to resolve the issues remaining in dispute.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. Dependency Exemption Deduction

Section 151(c) provides that a taxpayer generally is allowed a deduction for the applicable exemption amount for each individual who is a dependent. Section 152(a) defines the term "dependent" to include a "qualifying child" or a "qualifying relative". A qualifying child must, inter alia, share the same principal place of abode as the taxpayer for more than one-half of the year in issue. Sec. 152(c)(1)(B). In order to be a qualifying relative, an individual must not, inter

alia, be a qualifying child of another taxpayer for the year in issue. Sec. 152(d)(1)(D).

Petitioner failed to prove that A.D.J. lived with him for more than one-half of 2008. Petitioner's testimony was inconsistent, vague, and self-serving, and it directly contradicted the family court's order of support and findings of fact identifying Ms. JaJa as A.D.J.'s custodial parent. We are not required to, nor will we, rely on petitioner's testimony alone to establish his entitlement to the dependency exemption deduction and child tax credit in dispute. See, e.g., Shea v. Commissioner, 112 T.C. 183, 188 (1999). Thus, we hold that A.D.J. was not petitioner's qualifying child within the meaning of section 152(c) during the year in issue.

The record also shows that Ms. JaJa claimed A.D.J. as a dependent for 2008. Petitioner failed to show that A.D.J. was not Ms. JaJa's qualifying child, and, therefore, A.D.J. was not his qualifying relative within the meaning of section 152(d).

Section 152(e) provides a special rule for parents who are separated, divorced, or living apart for the last six months of the calendar year. As relevant here, petitioner, as the noncustodial parent, could gain entitlement to the disputed deduction if Ms. JaJa, the custodial parent, executed a signed written declaration

under section 152(e)(2) releasing her claim to the deduction. Such a declaration must be unconditional and made either on Form 8332 or in a statement conforming to the substance of that form. Miller v. Commissioner, 114 T.C. 184, 189 (2000); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Petitioner did not offer any evidence that he had obtained a declaration from Ms. JaJa. In fact, the record indicates that Ms. JaJa claimed A.D.J. as a dependent for 2008. Therefore, the exception provided by section 152(e) is not applicable in this case.

In sum, petitioner failed to prove that A.D.J. was his qualifying child or qualifying relative during the taxable year 2008. It follows that petitioner is not entitled to a dependency exemption deduction for A.D.J. under section 151(c).

2. Head of Household Filing Status

Section 1(b) prescribes a relatively favorable tax schedule for a taxpayer who qualifies for head of household filing status. Section 2(b) in pertinent part defines a head of household as an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section

152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

As previously discussed, A.D.J. was not petitioner's qualifying child within the meaning of section 152(c) for 2008, nor was petitioner entitled to a dependency exemption deduction for her under section 151. Consequently, petitioner does not qualify for head of household filing status. His correct filing status for the taxable year 2008 is single.

3. Child Tax Credit

Section 24(a) provides a credit with respect to each qualifying child of the taxpayer. Section 24(c)(1) defines the term "qualifying child" as a "qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17."

As previously discussed, petitioner did not have a qualifying child for the taxable year 2008, and, therefore, he is not entitled to a child tax credit for that year.

4. Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to

comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.; see Olive v. Commissioner, 139 T.C. ____, ____ (slip op. at 40) (Aug. 2, 2012). The Commissioner bears the initial burden of production. Sec. 7491(c).

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability for the year. Id.

In the light of petitioner's concession that he is not entitled to a deduction of $32,364 for miscellaneous expenses reported on Schedule A for the year in issue, respondent has satisfied his burden of production in respect of the accuracy-related penalty. Petitioner, an accountant, failed to offer any evidence that he acted with reasonable cause and in good faith in reporting his tax liability for 2008.

Accordingly, respondent's determination to impose an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing,

Decision will be entered for

respondent.